IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

```
------------------------------------  x
                                      :
RESEARCH IN MOTION LIMITED,           :
                                      :
        Plaintiff,                    :
                                      :
        -against-                     :                CIVIL ACTION NO. 3:09-1147
                                      :                                 _____
ACE WIRELESS & TRADING, INC., ACE     :
WIRELESS GROUP INC, ACE WIRELESS      :                [PROPOSED] ORDER GRANTING
INC, RBE ENTERPRISES OF NY INC.       :                TEMPORARY RESTRAINING
(D/B/A ROBERT BRANDON                 :                ORDER, AUTHORIZING EX
ENTERPRISES), PROMOBILITY, INC.,      :                PARTE SEIZURE, ALLOWING
QUALITY ONE WIRELESS, LLC,            :                EXPEDITED DISCOVERY AND
YAKETY YAK HOLDING LLC (D/B/A         :                TO SHOW CAUSE FOR
YAK WIRELESS), YY HOLDINGS, LLC,      :                PRELIMINARY INJUNCTION
TOUCHSTONE WIRELESS, LP,              :
PARAMOUNT WIRELESS, INC. (D/B/A       :
PARAMOUNT PRODUCTS GROUP), ALL        :
PRO DISTRIBUTING, INC., LAN           :                FILED UNDER SEAL
GLOBAL, INC, JOHN DOES 1-50, and      :
XYZ BUSINESSES                        :
                                      :
        Defendants.                   :
------------------------------------  x
```

Upon the Complaint of Research In Motion Limited ("RIM"), the motions, declarations,

exhibits, and the memorandum of law submitted in support of this Order, it is hereby:

ORDERED, that defendants Ace Wireless & Trading, Inc., Ace Wireless Group, Inc.,

Ace Wireless Inc. (collectively "ACE"), RBE Enterprises of NY Inc., (D/B/A Robert Brandon

Enterprises) ("RBE"), ProMobility, Inc., ("ProMobility"), Quality One Wireless, LLC ("Quality

One"), Yakety Yak Holding LLC (D/B/A Yak Wireless), and YY Holdings, LLC, (collectively

"YAK"), Touchstone Wireless, LP ("Touchstone"), Paramount Wireless, Inc. (D/B/A Paramount

Products Group) ("Paramount"), All Pro Distributing ("All Pro") and Lan Global, Inc. ("Lan

Global"), (collectively "Defendants") show cause before the Honorable Aleta A. Trauger _____,

United States District Judge, at the United States Courthouse, 801 Broadway, Nashville, at 1:30 p.m.
Tennessee 37203, Courtroom _873_, on December ___16___, 2009, or such other date as may be fixed by the Court, why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining them, their agents, servants, employees, officers and all other persons in active concert or participation with them, pending the final hearing and determination of this action from:

      1.      using any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress (as defined in the Complaint) or any name or any marks similar thereto in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of batteries;

      2.      using any logo, trade name, trademark or trade dress similar to any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress, which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by or in any way associated with RIM;

      3.      infringing any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress;

      4.      otherwise unfairly competing with RIM in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of batteries;

      5.      falsely representing themselves as being connected with RIM or sponsored by or associated with RIM or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that Defendants are associated with RIM;

6.     using any reproduction, counterfeit, copy, or colorable imitation of any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress in connection with the publicity, promotion, sale, or advertising of batteries;

7.     affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being RIM batteries and from offering such goods in commerce;

8.     diluting any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress;

9.     destroying any records documenting the manufacture, advertising, receipt, importation, shipment, purchase, sale, offer for sale or distribution of any products either purporting to be RIM batteries or batteries using any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress or any word or symbol similar thereto; and

10.     assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred in subparagraphs 1-9 above; and it is further

ORDERED, that pending the above-referenced hearing, or such other date as may be fixed by the Court, Defendants, their agents, servants, employees, officers and all other persons in active concert or participation with them, are hereby immediately temporarily restrained from:

1.     using any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress (as defined in the Complaint) or any name or any marks similar thereto in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of batteries;

2. using any logo, trade name, trademark or trade dress similar to any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress, which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by or in any way associated with RIM;

3. infringing any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress;

4. otherwise unfairly competing with RIM in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of batteries;

5. falsely representing themselves as being connected with RIM or sponsored by or associated with RIM or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that Defendants are associated with RIM;

6. using any reproduction, counterfeit, copy, or colorable imitation of any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress in connection with the publicity, promotion, sale, or advertising of batteries;

7. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being RIM batteries and from offering such goods in commerce;

8. diluting any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress;

9. destroying any records documenting the manufacture, advertising, receipt, importation, shipment, purchase, sale, offer for sale or distribution of any products either

purporting to be RIM batteries or batteries using any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress or any word or symbol similar thereto; and

      10.    assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred in subparagraphs 1-9 above; and it is further

ORDERED, that pending the hearing on RIM's motion to confirm the seizure authorized herein, the Clerk of this Court is to keep and maintain under seal all papers filed herein, including this Order and the Complaint, and that public scrutiny of such papers shall not be permitted, subject to Defendants' right to access such papers upon presenting the Clerk of this Court with proper identification after the seizure authorized herein has been carried out; and it is further

ORDERED, that the United States Marshal or one or more of his deputies, or other law enforcement officers having jurisdiction if available, in either case assisted by one or more attorneys, private investigators or agents or employees of RIM, is directed and permitted to search, seize, copy and sequester at any time, but no later than seven days from the date of this Order, the following items in the possession, custody or control of Defendants:

      a)    All unauthorized products bearing any of the BLACKBERRY Trademarks or BLACKBERRY Trade Dress as well as the means for making same;

      b)    All business records, invoices, correspondence, e-mails, bank records, computers, disks or other electronic storage media, servers, cancelled checks, wire transfers, books of account, receipts or other documentation relating or referring in any manner to the manufacture, promotion, publicity, advertising, receiving, acquisition, importation, shipment, purchase, sale, offer for sale or distribution of any unauthorized merchandise bearing the

BLACKBERRY Trademarks or BLACKBERRY Trade Dress whether such information is stored in a written or computerized form and all telephone and address directories. The seizure shall be from the following persons or entities:

| SUPPLIER | ADDRESS |
| --- | --- |
| ACE | 1751 Langley Ave<br>Irvine, California 92614 |
| RBE | 192 Quality Plaza<br>Hicksville, New York 11801 |
| ProMobility | 18-85 Citizen Court<br>Markham, Ontario L6G 1A8 |
| Quality One | 1500 Tradeport Drive<br>Orlando, Florida 32824 |
| YAK | 3400 Irvine Ave. Suite 118 & 121<br>Newport Beach, California 92660 |
| Touchstone | 2536 West State St.<br>Bristol, Tennessee 37620 |
| Paramount | 14938 Delano St.<br>Van Nuys, California 91411 |
| All Pro | 13051 Saticoy Blvd. Ste #A<br>North Hollywood, California 91605 |

John Does 1-50 and XYZ Businesses, wherever they may be found, who are identified during the course of the seizure as involved with any of the foregoing Defendants in the manufacture, sale or distribution of counterfeit RIM batteries;

The seizure may occur at all locations within any judicial district where Defendants' unauthorized merchandise is sold, offered for sale, distributed, transported, manufactured or stored including but not limited to, the addresses set out above, and any other office, warehouse,

truck, van, car, storage facility or other location in the possession, custody or control of any of the above-named Defendants; and it is further

ORDERED, that all such seized materials and records shall be delivered to RIM's attorneys or private investigators and RIM's attorneys or private investigators shall act as a substitute custodian for the Court, subject to the previously noted sealing condition, and an inventory of the materials and records shall be filed with the Court by RIM's attorneys, pending further Order of this Court; and it is further

ORDERED, that to the extent necessary to effect the seizure and sequestration ordered hereinabove, the United States Marshal or other law enforcement officers may ~~use such force as~~ ~~may be reasonably necessary, including breaking any locks, to enter the premises of, or vehicle,~~ ~~or facility in the possession, custody or control of Defendants, and to~~ inspect the contents of any rooms, closets, cabinets, vehicles, containers, desks, desktop computers, laptops or documents located on the premises or any storage rooms located within the same complex as the premises; and it is further

ORDERED, that RIM's attorneys may accompany and assist the United States Marshal or other law enforcement officers in determining whether an item is covered by the preceding paragraphs ~~and the United States Marshal or other law enforcement officers shall follow such~~ ~~attorneys' determination~~ and it is further

ORDERED, that during the seizure authorized herein, each person present who is a defendant or employed or affiliated with a defendant, shall, upon request by a deputy United States Marshal or other law enforcement officer, provide a driver's license or other form of identification; and it is further

ORDERED, that during the seizure authorized herein, each person present who is a defendant or employed or affiliated with a defendant, shall, upon request by a deputy United States Marshal or other law enforcement officer or one or more attorneys, private investigators or agents or employees of RIM assisting in the seizure, provide passwords, access codes and log in information for all electronic devices and files, including without limitation computers and smart
phones; and it is further ^ that are the property of a defendant

ORDERED, that during the seizure authorized herein, each person present who is a
may be requested
defendant or employed or affiliated with a defendant, ~~shall, upon request~~ by a deputy United States Marshal or other law enforcement officer or one or more attorneys, private investigators or agents or employees of RIM assisting in the seizure, provide assistance to identify and locate relevant documents and information concerning the manufacture, advertising, receipt, importation, shipment, purchase, sale, offer for sale, distribution or use of any counterfeit BLACKBERRY Trademarks or BLACKBERRY Trade Dress; and it is further

ORDERED, that RIM's attorneys may be accompanied by private investigators and/or computer technicians to obtain copies of documents to be seized that are stored in computerized form and RIM's representatives may also bring with them still camera or video camera operators to record the seizure; and it is further

ORDERED, that RIM's representatives shall promptly inspect the items seized, and if any items are found to be outside the scope of this Order, such items are to be returned to the defendants within five (5) business days of the date the seizure is conducted pursuant to this Order; and it is further

85355160.1

ORDERED, that RIM shall be responsible to the United States Marshal, or other law enforcement officers, for all of their fees and charges incurred in carrying out this Order; and it is further

ORDERED, that RIM post an undertaking within three (3) business days of the entry of this Order with the Clerk of the Court in the form of a bond, cash or check in the sum of $ _100,000_ as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of a wrongful seizure or wrongfully attempted seizure and such undertaking, if in the form of check or cash, shall be held in an interest-bearing account; and it is further

ORDERED, that service of the Summons and Complaint and of this Order, together with copies of the papers in support thereof, shall be made at the time of the seizure by delivering true copies thereof to any person of suitable age found at the premises and that such service be deemed sufficient service on the defendants; and it is further

ORDERED, that answering papers, if any, be filed with this Court and served upon RIM's counsel, Fulbright & Jaworski L.L.P., at their offices at 666 Fifth Avenue, New York, New York 10103, attention Mark Mutterperl, Esq., and Bass Berry & Sims PLC, at their offices at 150 Third Avenue S, Suite 2800, Nashville, Tennessee 37201, attention Paige Waldrop Mills, Esq. on or before _December 14_, 2009, at _5:00_ o'clock _p_.m.; and it is further

ORDERED that the parties to this action may immediately serve discovery requests on each other and subpoenas on any third-party believed to have information relevant to this action; and it is further

ORDERED that (a) the parties to this action and any third-party served with a subpoena in this action shall respond to requests to produce documents within ~~three~~ seven calendar days after

service of such requests by production of responsive documents; and (b) the parties to this action shall respond to interrogatories within ~~three~~ seven calendar days after service of such interrogatories; and (c) the parties to this action may take the deposition of any other party or a non-party witness, upon notice in writing to every other party of at least seven calendar days; and it is further

ORDERED, that expedited discovery shall apply to the parties existing as of the date of this Order, and to all future parties to this action; and it is further

ORDERED, that all discovery in this action shall proceed on an expedited basis without the need to comply with the time limits provided by Federal Rule of Civil Procedure 26; and it is further

ORDERED, that Defendants serve upon RIM's counsel, Fulbright & Jaworski L.L.P., at their offices at 666 Fifth Avenue, New York, New York 10103, and Bass Berry & Sims PLC, at their offices at 150 Third Avenue S, Suite 2800, Nashville, Tennessee 37201, five days before the show cause hearing scheduled herein, copies, to the extent that the originals were not seized and sequestered, of all business records, invoices, e-mails, bank records, wire transfers, correspondence, books of account, letters of credit, receipts or other documentation relating or referring in any manner to the manufacture, promotion, publicity, advertising, receiving, acquisition, importation, shipment, purchase, sale, offer for sale or distribution of any unauthorized merchandise bearing the BLACKBERRY Trademarks or BLACKBERRY Trade Dress, whether such information is stored in a written or computerized form, that are in the possession, custody or control of Defendants; and it is further

ORDERED, that Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the confirmation of the seizure authorized herein

and the immediate issuance of the preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action. Defendants are hereby further notified that they shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

The Court has granted the foregoing Seizure Order without prior written or oral notice to Defendants for the reasons set forth below:

a.      The entry of any order other than a seizure order without notice will not serve to adequately achieve the objectives underlying the Trademark Counterfeiting Act of 1984;

b.      RIM has not publicized its proposed seizure order;

c.      RIM has provided the United States Attorneys for the Central District of California, Eastern District of New York, Middle District of Florida and the Eastern District of Tennessee with notice of its application for a seizure order pursuant to 15 U.S.C. § 1116(d)(2);

d.      RIM has provided the Court with substantial evidence that Defendants have used counterfeit marks in connection with the sale, offering for sale or distribution of goods;

e.      RIM will incur immediate and irreparable injury if this Court declines to grant a seizure order without notice;

f.      The matters subject to said seizure order will be located at the business locations of the Defendants;

g.      The harm to RIM should this Court decide not to grant RIM's motion for a seizure order without notice outweighs any harm which the Defendants may incur in the event this Court grants RIM's motion for a seizure order; and

h.      Defendants, or persons acting in concert with them, would likely destroy, move, hide or otherwise make inaccessible to the Court the matters which are subject to the proposed seizure order if RIM is required to proceed on notice.

i.      No prior application for the relief sought herein has been made to this or any other court.

_____
UNITED STATES DISTRICT JUDGE

Issued: December __4__ , 2009 at ___3:30___ o'clock _P_ .m.