IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>*Plaintiff,*<br><br>-against-<br><br>ACE WIRELESS & TRADING, INC., et al,<br><br>*Defendants.* | CIVIL ACTION NO. 3:09-1147<br><br>AGREED ORDER OF DISMISSAL AND CONSENT PERMANENT INJUNCTION AGAINST PARAMOUNT WIRELESS, INC. (D/B/A PARAMOUNT PRODUCTS GROUP). |

Plaintiff Research In Motion Limited ("RIM"), having filed its complaint on December 4, 2009, its First Amended Complaint on January 19, 2010, its Second Amended Complaint on March 24, 2010 and its Third Amended Complaint on September 30, 2010 (collectively, the "Complaint"), and defendant Paramount Wireless, Inc. (D/B/A Paramount Products Group) ("Defendant") having consented to this Agreed Order of Dismissal and Consent Permanent Injunction,

NOW, THEREFORE, upon the consent of the parties hereto,

IT IS ORDERED, ADJUDGED and DECREED that an Agreed Order of Dismissal And Permanent Injunction be entered as follows:

1. This Court has jurisdiction of the subject matter of this action and over all the parties hereto.

2. RIM's BLACKBERRY Trademarks and Trade Dress, described and defined in the Complaint filed in this action (hereinafter, "BLACKBERRY Marks"), which Complaint is attached hereto as Exhibits A-D and is incorporated herein and made a part hereof, are good, valid and enforceable in law and RIM is the sole proprietor of all right, title and interest in and to said BLACKBERRY Marks.

85815942.1

3. RIM contends that Defendant has offered for sale, sold and distributed counterfeit BLACKBERRY-branded batteries.

4. RIM contends that Defendant's conduct has infringed and diluted RIM's rights in and to the BLACKBERRY Marks in violation of federal and state statutory and common law, including 15 U.S.C. §§ 1114, 1125, Tenn. Code Ann. §§ 47-25-512, 47-25-513 and 47-18-104.

5. RIM contends that Defendant's improper use of RIM's BLACKBERRY Marks has depreciated the value of the goodwill associated with the BLACKBERRY Marks.

6. Defendant contends that only two transactions involving the sale of Blackberry-branded batteries are at issue in this case; that in both transactions, the Defendant contends that it believed in good faith it was purchasing authentic Blackberry-branded products. The Defendant contends that it does not trade in counterfeit goods and that it had absolutely no knowledge or information at its disposal at the time of the two transactions that are at issue in this case to determine that the Blackberry-branded batteries traded were anything other than genuine, legitimate Blackberry-branded products.

7. Defendant and its successors, assigns, affiliates, officers, directors, agents, servants, employees, representatives, attorneys, heirs, executors and all other persons, firms, corporations or other entities in active concert or participation with Defendant, or any of the foregoing persons or entities, who receive notice hereof, are hereby permanently enjoined and restrained from engaging in the activities enumerated below with actual knowledge, with reckless disregard, or where such person or entity should have known that their conduct was enjoined:

(a) using any of the BLACKBERRY Marks or any name or any marks similar thereto in connection with the manufacture, sale, offer for sale, distribution, importation, exportation, advertisement, or any other use of batteries, which were not made by or with authority of RIM;

(b) using any logo, trade name, trademark or trade dress similar to any of the BLACKBERRY Marks or committing any other acts, which may be calculated to falsely represent, or which has the effect of falsely representing, that the services or products of the Defendant are sponsored by, authorized by, produced under the control and supervision of, approved for sale by or are in any way associated with RIM;

(c) passing off, inducing or enabling others to sell or pass off any batteries or other products as a battery or other product produced by or for RIM, which are not RIM's batteries or products, or are not produced under the control, authority or supervision of RIM and approved by RIM for sale;

(d) infringing or diluting any of the BLACKBERRY Marks or otherwise damaging RIM's goodwill;

(e) using any reproduction, counterfeit, copy, or colorable imitation of any of the BLACKBERRY Marks in connection with the manufacture, sale, offer for sale, distribution, importation, exportation, advertisement, or any other use of batteries;

(f) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being RIM batteries, or batteries approved by RIM, and from offering such goods in commerce;

(g) shipping, delivering, distributing, returning or otherwise disposing of, in any manner, any counterfeit or infringing BLACKBERRY-branded batteries, except to send suspect BLACKBERRY-branded products to RIM at RIM's request;

(h) otherwise unfairly competing with RIM in the manufacture, sale, offer for sale, distribution, importation, exportation, advertisement, or any other use of batteries;

(i) destroying any records documenting the manufacture, sale, offer for sale, distribution, importation, exportation, or advertisement of any products either purporting to be RIM batteries or batteries using any of the BLACKBERRY Marks or any word or symbol similar thereto; and

(j) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred in subparagraphs (a)-(i) above; and it is further ordered that:

8. If Defendant, through the ordinary course of its business and through reasonable efforts determines that any batteries, products or records described in subparagraphs 7(a)-(h) and (j) above have come into the Defendant's possession, Defendant shall (a) promptly segregate, quarantine and maintain any and all such batteries, products and related records, (b) promptly notify RIM of the same and, at RIM's request, (c) deliver such batteries, products and related records to RIM. Such prompt notification shall be within seven (7) business days.

9. Defendant shall provide written notice and copies of this Agreed Order of Dismissal–and Consent Permanent Injunction to its successors, assigns, affiliates, officers, directors, agents, servants, employees, representatives, attorneys and all other persons, firms, corporations or other entities in active concert or participation with Defendant, or any of the foregoing persons or entities, within ten (10) days after the entry of this Agreed Order of Dismissal–Consent Permanent Injunction, and promptly thereafter where necessary to provide appropriate notice.

10. Defendant shall, within thirty (30) days after the entry of this Agreed Order of Dismissal and Consent Permanent Injunction, file with this Court and serve upon RIM a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph 9 of this Order.

11. All of RIM's claims against this Defendant are hereby dismissed without prejudice subject to a confidential settlement agreement. Pursuant to that settlement agreement, the "without prejudice" dismissal shall be converted to a dismissal "with prejudice" three years after the date of the Order.

12. The Court shall continue to retain jurisdiction to construe, enforce, or implement this Permanent Injunction upon the application of either party.

DATED: 8/30/11

_____
UNITED STATES DISTRICT JUDGE

Approved:

Date: 5/31/11

RESEARCH IN MOTION LIMITED

_____
Mark N. Mutterperl
Colin Foley
Jessica Parise
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
Tel: (212) 318-3000
Fax: (212) 318-3400

Paige Waldrop Mills
BASS, BERRY & SIMS PLC
150 Third Avenue S
Suite 2800
Nashville, Tennessee 37201
Tel: (615) 742-7770
Fax: (615) 742-0429

*Attorneys for Plaintiff*
*Research In Motion Limited*

Date: 5-20-11

PARAMOUNT WIRELESS, INC. (D/B/A PARAMOUNT PRODUCTS GROUP)

_____
By: Ezra Soumekh
Title: President